IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHEN PAGE; KEISHA PREWITT** | : | **CIVIL ACTION** |
| **Plaintiffs,** | : | |
| v. | : | |
| | : | |
| **INFINITY INDEMNITY INSURANCE** | : | **No. 13-1118** |
| **COMPANY** | : | |
| **Defendant.** | : | |

### O R D E R

AND NOW, this 31st day of January, 2014, upon consideration of defendant's Motion for Partial Summary Judgment (Dkt. No. 29), plaintiffs' Response in Opposition to Defendant's Motion for Partial Summary Judgment (Dkt. No. 32), and defendant's Reply in Support of its Motion for Partial Summary Judgment (Dkt. No. 36),[1] and following a hearing held on January 2, 2014, at which the parties were heard, it is **ORDERED** that defendant's motion is **DENIED** because there are disputed issues to be decided by the finder of fact. A scheduling order follows:

    1. Pretrial memoranda in accordance with Federal Rule of Civil Procedure 26 as amended, Local Rule 16.1(c), and the rules of this Court as stated in the Handbook of Pre-Trial and Trial Practices and Procedures of the United States District Court for the Eastern District of Pennsylvania (available from the Clerk of Court or the Philadelphia Bar Association or online at www.paed.uscourts.gov, under Judge Shapiro's procedures) shall be filed as follows:

        Plaintiff – on or before **February 13, 2014**
        Defendants – on or before **February 20, 2014**

    2. In the pretrial memoranda, plaintiffs shall propose stipulated facts in numbered paragraphs. Defendant shall state agreement or disagreement with each of plaintiffs' proposed stipulated facts and may counter-propose stipulated facts in numbered paragraphs to which plaintiffs are obligated to respond prior to the final pretrial conference.

    All witnesses as to liability and damages must be listed. Only listed witnesses may testify at trial in the party's case-in-chief except by leave of court. Any party who seeks to use deposition testimony at trial must submit deposition designations, counter-designations, and objections in the party's pretrial memorandum; this requirement does not apply if the deposition is to be used for impeachment purposes only.

---

[1] The parties have since settled plaintiffs' claim for breach of contract.

If it is believed that any additional discovery is necessary, it must be specifically requested, with the justification stated, in the party's pretrial memorandum. Any other pretrial or trial matter requiring attention of the judge prior to trial, including but not limited to subjects for consideration at the final pretrial conference, shall be specifically addressed in the party's pretrial memorandum.

Each party shall estimate the number of days required for trial.

Plaintiffs shall list every item of monetary damages claimed.

3. Exhibits shall be submitted to chambers with the final pretrial memoranda. In accordance with Federal Rule of Civil Procedure 26(a)(3), listed exhibits shall be numbered and premarked for use at trial; no exhibits shall be listed unless they are already in the possession of opposing counsel. Only listed exhibits may be used in the party's case-in-chief except by leave of court.

4. Expert reports in accordance with Federal Rule of Civil Procedure 26(a)(2) shall be due on or before the due date of each party's pretrial memorandum. If the opposing party wishes to depose an expert, the deposition shall be taken before the final pretrial conference, unless otherwise ordered by the court. An expert's testimony at trial shall be limited to the information provided in the written report.

5. Any pretrial motion must be filed on or before the due date of the moving party's pretrial memorandum; a response to any such motion shall be filed and served in accordance with the Federal Rules of Civil Procedure and the Local Rules of this court.  Oral argument on pending motions will be heard at the final pretrial conference.

6. The final pretrial conference will be held on **February 27**, **2014**, at **2 p.m.**  Trial counsel **must** attend. It is the responsibility of any trial counsel who cannot attend to contact the court as soon as any conflict becomes known so the court may consider rescheduling the conference. Unless the court has otherwise granted permission, whoever attends the final pretrial conference will try the case.

7. This case will be placed in the NON-JURY trial pool on **March 3, 2014**, subject to call on 48 hours notice in accordance with the standing rule of this court as published in *The Legal Intelligencer*.  One week prior to the date of trial, the parties shall submit proposed findings of fact and conclusions of law, preferably on a computer disk.

      */s/ Norma L. Shapiro*
      _____
                   J.